[No. 1673.]

BURRELL WARREN v. THE STATE.

1. THEFT.— INFORMATION charges directly that the defendant committed the theft, although it states, parenthetically, "as shown by the complaint of. H. M. Sullivan." *Held*, sufficient to charge the offense, inasmuch as the words in parenthesis, not being essential nor descriptive of the offense, may be treated as surplusage. See the opinion *in extenso* for the distinction between the information in this case and those in the cases of *Hunt* v. *The State*, 9 Texas Ct. App., 404, and *Allen* v. *The State*, 13 Texas Ct. App., 28.

2. SAME — THEFT OF LOST PROPERTY — CHARGE OF THE COURT.— The evidence in this case shows that the alleged stolen property was lost by the owner and found by the defendant. Upon this state of facts the court charged as follows: "Lost property may be the subject of theft. And if one find lost property, and at the time of finding, *or immediately thereafter*, forms in his mind an intent to, defraud the owner or deprive him of the value of the same, and to appropriate the same to his own use and benefit, he cannot claim that the taking was not wrongful." The defendant excepted to this instruction, and requested, but was refused, the following special charge: "The intent is the gist of the offense, and the intent must. exist at the time of the taking. If the intent to steal did not exist at the time of the taking, no subsequent felonious taking will render the previous taking felonious." *Held*, that the charge as given by the court was erroneous because it did not confine the fraudulent intent to the very time of the taking, but extended it to a time immediately after the taking, which the law does not warrant. *Held*, further, that the special charge embraced a correct principle of law, and its refusal was error.

APPEAL from the County Court of Van Zandt. Tried below before the Hon. J. S. Spinks, County Judge.

This was a conviction for the theft of a pair of saddle-bags of the value of $2.50, the property of H. M. Sullivan, in Van Zandt county, Texas, on the 21st day of July, 1883. A fine of $100 was the penalty imposed upon the defendant.

H. M. Sullivan, the first witness for the State, testified that he first saw the defendant in the town of Canton, Van Zandt county, on or about the 21st day of July, 1883. Witness had that morning come from his home to the town of Canton, traveling a public road known as the Canton and Tyler road. He then lived about eight miles east of Canton. In going to Canton, he passed the house of W. J. Staton. When he started from home, he put a pair of saddle-bags on his horse. When he got to town he hitched his horse and went to Martin's blacksmith shop. Within ten minutes he returned to his horse, and for the first time missed his saddle-bags. Witness asked of several parties who came into town after he did, on the

same road, if they saw or heard anything of his saddle-bags. He could hear nothing of them. This was about 10 o'clock. Between 11 o'clock and noon witness went into Riley & Staton's store, in which the postoffice was located, and recognized his saddle-bags in the possession of the defendant. Witness asked defendant where he got the saddle-bags. He said first that he brought them to town with him, and then that he had borrowed them from a man in town. He said, also, in answer to questions, that the man he borrowed them from was a negro, and that he would not know him again. Witness took the bags and told the defendant that he could prove his title to them. Many persons were present and heard this conversation. Witness turned the saddle-bags over to the sheriff and filed complaint charging the defendant with the theft. The saddle-pockets were worth $2.50, belonged to the witness, and were taken without his knowledge or consent.

On his cross-examination the witness said that he left home with the saddle-bags, but did not know whether he reached Canton with them or not. He may have lost them on the road. They were out of his possession an hour and a half or two hours.

W. S. McCurley testified, for the State, that he was present at Riley & Staton's store in Canton, and heard a conversation between the defendant and H. M. Sullivan about a pair of saddle-bags. Sullivan had the saddle-bags in his possession and claimed them as his. The defendant said that he had borrowed the bags from a negro man in Canton, whose name he did not know, and whom he would not know if he were to see him. Mr. Sullivan took the bags and went off.

Denton Filan testified, for the State, that on or about the 21st day of July, 1883, he was standing in the yard of Mr. W. J. Staton, about one mile east of Canton on the Canton and Tyler road. About 10 o'clock on that day the defendant, on horseback, came along that road, going towards Canton. When he got about opposite the witness, he called and asked the witness whose saddle-pockets those lying in the road were. Witness replied that he did not know. Defendant and witness then started to where they were lying. When witness got within five steps of them the defendant got down from his horse, took them up, and rode on towards Canton. The witness did not know who owned the saddle-pockets. The defendant did not claim them as his. A great many people travel the road on which defendant picked up these pockets. Witness had never before seen the defendant, and did not know his name at that time.

Mr. Dodson, for the State, identified the saddle-bags taken from the defendant as the property of H. M. Sullivan.

The motion for new trial raised the questions discussed in the opinion.

*Burge & Russell* and *R. M. Lively*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. I. We think the information is sufficient. It directly charges that the defendant committed the theft, although it states, parenthetically, " as shown by the complaint of H. M. Sullivan." These words not being essential, nor descriptive of the offense, may be treated as surplusage. It is unlike the informations in the cases cited by counsel for defendant (*Hunt* v. *The State*, 9 Texas Ct. App., 404; *Allen* v. *The State*, 13 Texas Ct. App., 23), where the allegations were that the offenses were committed *as shown by the complaints*, etc., without anything to indicate that the county attorney intended to directly aver himself the commission of the offenses. In *Allen* v. *The State*, *supra*, it is said: " Had the words been contained in parenthesis, or omitted entirely, the information would not have been obnoxious." In this case the words being contained in parenthesis, the objection is not a good one. None of the objections to the information are well taken.

II. It is shown by the evidence that the property charged to have been stolen by defendant was lost by the owner and found by the defendant. Upon this state of facts the court charged the jury as follows: " Lost property may be the subject of theft. And if one find lost property, and at the time of finding, *or immediately thereafter*, forms in his mind an intent to defraud the owner, or deprive him of the value of the same, and to appropriate the same to his own use and benefit, he cannot claim that the taking was not wrongful." This charge was promptly excepted to by the defendant, and the following special charge was requested by him, which was refused, viz.: " The intent is the gist of the offense, and such intent must exist at the time of the taking. If the intent to steal did not exist at the time of the taking, no subsequent felonious taking will render the previous taking felonious." The charge given by the court was erroneous because it did not confine the fraudulent intent to the very time of the *taking*, but extended it to a time *immediately after the taking*, which the law does not warrant. " Immediately," as used in the charge, does not mean instantly, at the very time of the taking, but it means a time directly thereafter, leaving

the jury to determine for themselves how long a time after the taking would be immediately thereafter. Such is not the rule with regard to the theft of lost property, or in fact of any other property. The correct rule is stated in the above quoted special charge, which was refused by the court. (*Reed* v. *The State*, 8 Texas Ct. App., 40; *Wilson* v. *The State*, 14 Texas Ct. App., 205; *Dow* v. *The State*, 12 Texas Ct. App., 343; *Knutson* v. *The State*, 14 Texas Ct. App., 570; *Robinson* v. *The State*, 11 Texas Ct. App., 403.)

Because the court erred in giving the charge quoted, and in refusing to give the charge requested, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered November 26, 1884.]